# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **TAMMY SUE GILLESPIE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19CV00002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANDREW SAUL, COMMISSIONER** | ) | By: James P. Jones |
| **OF SOCIAL SECURITY,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe,* WOLFE, WILLIAMS & REYNOLDS, *Norton, Virginia, for Plaintiff; Maija DiDomenico, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Tammy Sue Gillespie challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 21-page report on December 17, 2019, in which she recommended that the court affirm the Commissioner's decision denying benefits. On December 27, 2019, the plaintiff filed written objections to the report.

The defendant did not file a response to the objections within the time allowed for doing so, and the objections are thus ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

In her objections, the plaintiff contends that the administrative law judge ("ALJ") erred in two ways: (1) by failing to properly evaluate whether her impairments meet the requirements of Listing 1.02; and (2) by failing to properly consider the opinions of treating physician Peter Platzer, M.D., and examining source Charles Williams, P.T., in determining her physical residual functional capacity and concluding that she could perform past relevant work. Pl.'s Objs. 1, 3, ECF No. 22.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 22, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 21, are fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 19, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: March 5, 2020

/s/ *James P. Jones*
United States District Judge